IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00973-WYD-MEH

TI TRAINING CORP., a Delaware corporation, and
GREG OTTE, an individual,

    Plaintiffs,

v.

FAAC, INCORPORATED, d/b/a IES Interactive Training, a Michigan corporation,

    Defendant.

---

# ORDER

---

**Michael E. Hegarty, United States Magistrate Judge.**

Pending before the Court is Plaintiffs' Motion to Stay and in the Alternative Amend the Scheduling Order to Extend Deadlines for Discovery, Dispositive Motions and the Final Pretrial Conference [filed April 9, 2010; docket #71]. The motion is referred to this Court for disposition. (Docket #72.) The matter is fully briefed, and oral argument would not assist the Court in its adjudication. The Court **GRANTS IN PART** and **DENIES IN PART** Plaintiffs' Motion as stated herein.

**I.    Background**

On March 20, 2010, Judge Daniel granted Plaintiffs' Motion to Dismiss certain counterclaims brought by Defendant. (*See* docket #68.) Defendant then filed a Motion for Reconsideration asserting that a recently issued Supreme Court decision abrogates the case law relied upon by Plaintiffs in their Motion to Dismiss. (Docket #69 at 1-2.) Plaintiffs' motion presently before the Court contends that this matter should be stayed pending the outcome of Defendant's Motion for Reconsideration. (Docket #71 at 2.)

Plaintiffs believe that a stay would best "efficiently and economically focus" the parties' resources, as the issue raised in the Motion for Reconsideration "is critical to the future conduct of discovery and essential to any dispositive motions filed." (*Id.*) Plaintiffs argue that not staying the proceeding (or, alternately, not extending the dispositive motion deadline) would cause the parties to file multiple dispositive motions, in the case that the Motion for Reconsideration is granted. (*Id.* at 3.)

In response, Defendant asserts that Plaintiffs fail to meet the standard required for a stay or amendment of the scheduling order. (Docket #74 at 2.) Defendant cites to this Court's order issued December 21, 2009, granting certain extensions of time, which stated that no further extensions would be granted "absent a showing of exceptional cause." (*Id.* (citing docket #63).) Defendant contends that the pending Motion for Reconsideration does not constitute exceptional cause. Defendant believes a stay would "indisputably inconvenience the Court by unnecessarily putting this case at an indefinite standstill." (*Id.* at 3-4.)

**II.     Discussion**

The decision to stay discovery rests within the sound discretion of the trial court. *Wang v. Hsu*, 919 F.2d 130, 130 (10th Cir. 1990). The Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings, however Rule 26(c) does permit the court, upon a showing of good cause, to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). A stay of all discovery is generally disfavored in this District. *Chavez v. Young Am. Ins. Co.*, No. 06-cv-02419-PSF-BNB, 2007 WL 683973, at *2 (D. Colo. Mar. 2, 2007). However, as this Court stated previously, "good cause may exist to stay discovery if a dispositive motion has been filed that could resolve the case and a stay does not unduly prejudice the opposing party." *Namoko v. Milgard Mfg., Inc.*, No. 06-cv-02031-WDM-

MEH, 2007 WL 1063564, at *1 (D. Colo. Apr. 6, 2007).

Here, the Court believes that a stay is not necessary. Pending dispositive motions tend to be more the norm rather than an exception during the progress of a lawsuit. However, the Court recognizes that the outcome of the pending Motion for Reconsideration (ripe since April 13, 2010) could distinctly affect the course of this matter. Moreover, according to Defendant, discovery continues to be active. (Docket #74 at 5.) Currently, the discovery cut-off is set for May 17, 2010, the dispositive motion deadline is set for June 14, 2010, and the Final Pretrial Conference is scheduled for August 13, 2010. Plaintiffs request a four month extension. The Court finds a more limited extension is appropriate, and orders as follows:

The discovery cut-off is extended up to and including **August 13, 2010**;

The dispositive motions deadline is extended up to and including **August 31, 2010**; and

The Final Pretrial Conference set for **August 13, 2010**, at **9:45 a.m.** is hereby **converted** to a **Status Conference**. The parties should be prepared to discuss any remaining scheduling issues, including the setting of a Final Pretrial Conference.

### III. Conclusion

As stated herein, the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiffs' Motion to Stay and in the Alternative Amend the Scheduling Order to Extend Deadlines for Discovery, Dispositive Motions and the Final Pretrial Conference [filed April 9, 2010; docket #71].

Dated this 17th day of May, 2010, at Denver, Colorado.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge