IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No. 09-cv-00973-WYD-MEH

TI TRAINING CORP., a Delaware corporation; and
GREG OTTE, an individual,

    Plaintiffs,

v.

FAAC, INCORPORATED, d/b/a IES INTERACTIVE TRAINING, a Michigan corporation,

    Defendant.

# ORDER

THIS MATTER is before the Court on Defendant FAAC Incorporated's Motion for Reconsideration filed March 31, 2010. The motion seeks reconsideration of the Court's Order of March 20, 2010 (doc. # 68), which dismissed FAAC Incorporated, d/b/a IES Interactive Training ["IES"] counterclaim for copyright infringement for lack of subject matter jurisdiction under 17 U.S.C. § 411(a).[1] IES relies on a new case decided by the United States Supreme Court just twenty (20) days before issuance of the Order, *Reed Elsevier, Inc. v. Muchnick*, 130 S. Ct. 1237 (March 2, 2010), which IES asserts justifies reconsideration of that portion of the Order. I find, for the reasons stated below, that the Motion for Reconsideration should be granted in part and denied in part but that the copyright infringement counterclaim is still subject to dismissal, albeit on a different ground than articulated in the March 20, 2010 Order.

---

[1] The Order also dismissed the False Designation of Origin Counterclaim under Fed. R. Civ. P. 12(b)(6); however, the ruling on that Counterclaim is not at issue in the Motion for Reconsideration.

I first address the standard of review appropriate to IES' motion. "'The Federal Rules of Civil Procedure recognize no motion for reconsideration.'" *Hawkins v. Evans*, 64 F.3d 543, 546 (10th Cir. 1995) (quotation and internal quotation marks omitted). However, any order "which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties" is an interlocutory order which "is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." *Raytheon Constructors, Inc. v. Asarco Inc.*, 368 F.3d 1214, 1217 (10th Cir. 2003). Generally, however, "the 'law of the case' doctrine dictates that prior judicial decisions on rules of law govern the same issues in subsequent phases of the same case." *Been v. O.K. Industries, Inc.*, 495 F.3d 1217, 1224 (10th Cir. 2007). Courts have "permitted a modification of the law of the case when substantially different, new evidence has been introduced, subsequent, contradictory controlling authority exists, or the original order is clearly erroneous." *Major v. Benton*, 647 F.2d 110, 112 (10th Cir. 1981).

As previously noted, the applicable ruling at issue in this case is the portion of my Order of March 20, 2010 which dismissed the copyright infringement counterclaim. I based the dismissal of this counterclaim on the finding that "the Copyright Act specifically limits a federal court's subject matter jurisdiction to claims arising from registered copyrights" and that "registration of the copyright is a jurisdictional prerequisite to a copyright action." (Order of March 20, 2010 at 3) (citing 17 U.S.C. § 411(a)). IES asserts that I should reconsider this ruling in light of the *Reed* decision– new, controlling authority from the Supreme Court which was decided twenty (20) days

prior to my Order but which was never brought to the Court's attention by the parties. I agree with IES that *Reed* directly impacts the above ruling in the March 20, 2010 Order.

In *Reed*, the named plaintiffs each owned a copyright that they had registered in accordance with 17 U.S.C. § 411(a). *Reed*, 130 S. Ct. at 1242. The class that the plaintiffs tried to certify, however, contained both authors who had registered their copyrighted works and those who had not. *Id.* The district court granted a motion for certification of the class for settlement and approved a settlement agreement despite several freelance authors' objections. *Id.* The freelance authors then appealed, renewing their objections to the settlement. *Id.*

On appeal, even though the issue of subject matter jurisdiction had not been raised by any party, the Second Circuit *sua sponte* ordered briefing on the question of whether 17 U.S.C. § 411(a) deprives federal courts of subject matter jurisdiction over infringement claims involving unregistered copyrights. *Id.* "All parties filed briefs asserting that the district court had subject matter jurisdiction over the settlement agreement even though it included unregistered works." *Id.* The Second Circuit disagreed, concluding that the district court lacked jurisdiction to certify a class of claims arising from the infringement of unregistered works, and also lacked jurisdiction to approve a settlement with respect to those claims. *Id.* at 1243.

The Supreme Court granted the owners' and publishers' petition for a writ of certiorari, "and formulated the question presented to ask whether § 411(a) restricts the subject-matter jurisdiction of the federal courts over copyright infringement actions." *Id.* It then "described the general approach to distinguish 'jurisdictional' conditions from claim-processing requirements or elements of a claim":

> If the Legislature clearly states that a threshold limitation on a statute's scope shall count as jurisdictional, then courts and litigants will be duly instructed and will not be left to wrestle with the issue. But when Congress does not rank a statutory limitation on coverage as jurisdictional, courts should treat the restriction as nonjurisdictional in character.'

*Id.* at 1244 (citing *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 515-516 (2006)).

The Court noted that the holding in *Arbaugh* turned principally on the text of the statute at issue, 42 U.S.C. § 2000e(b) regarding Title VII's numerosity requirement, and found that it did not "'clearly state[]' that the employee numerosity threshold on Title VI's scope 'count[s] as jurisdictional.'" *Reed*, 130 U.S. at 1244 (quoting *Arbaugh*, 546 U.S. at 515-16). Applying "this same approach to § 411(a)", the Supreme Court found that nothing in "§ 411(a)'s registration requirement can be read to 'speak in jurisdictional terms or refer in any way to the jurisdiction of the district courts.'" *Id.* at 1246 (quoting *Arbaugh*, 545 U.S. at 515) (internal quotation marks omitted). It then held:

> Section 411(a) imposes a precondition to filing a claim that is not clearly labeled jurisdictional, is not located in a jurisdiction-granting provision, and admits of congressionally authorized exceptions. See §§ 411(a) - (c). Section 411(a) thus imposes a precondition to suit that supports nonjurisdictional treatment under our precedents.

*Id.* at 1247. Accordingly, *Reed* concluded "that §411(a)'s registration requirement is nonjurisdictional, notwithstanding its prior jurisdictional treatment", that "the District Court had authority to adjudicate the parties' request to approve their settlement", and that reversal of the Second Circuit's decision was appropriate. *Id.* at 1248-49.

Turning to the case at hand, I find that the *Reed* case is new, controlling authority which is directly contrary to my ruling and requires a reconsideration of a portion of the March 2010 Order. Specifically, IES' Motion to Reconsider is granted to the extent that the March 20, 2010 Order dismissed the copyright infringement counterclaim based on

lack of subject matter jurisdiction and that portion of the Order is thus vacated. That is not, however, the end of the inquiry as to this counterclaim. Instead, I find, *sua sponte*, that dismissal of the counterclaim is appropriate on a different basis as explained below.

While the Supreme Court in *Reed* found that § 411(a) is nonjurisdictional, it also found that the statute "imposes a precondition to suit. . . ." *Reed*, 130 S. Ct. at 1247. It declined, however, to address the question now before me—"whether § 411(a)'s registration requirement is a mandatory precondition to suit that . . . district courts may or should enforce *sua sponte* by dismissing copyright infringement claims involving unregistered works." *Id.* at 1249.

I find after consideration of the issue, consistent with other courts, that § 411(a) does impose a mandatory precondition to suit. *See DRK Photo v. Houghton Mifflin Harcourt Publishing Co.*, No. CV-09-8225-PCT-NVW, 2010 WL 1688767, at *1 (D. Ariz. April 26, 2010) (dismissing copyright infringement claim to the extent it referred to unregistered work since "[r]egistration is . . . a 'precondition' to suing for infringement of a particular copyright) (citing *Reed*); *Shell v. American Family Rights Ass'n*, No. 09-CV-00309-MSK-KMT, 2010 WL 1348548, at *15 n. 22 (D. Colo. March 31, 2010) ("Although registration is not necessary to hold a valid copyright, only registered actions may form the basis of action for infringement) (citing § 411(a) and *Reed*).[2] This ruling is supported by the plain language of the statute, which states, "*no civil action* for infringement of the copyright in any United Sates work *shall be instituted until*

---

[2] *See also Cosmetic Ideas, Inc. v. IAC/Interactivecorp.*, ___ F.3d ___, 2010 WL 2039170, at *2–7 (9th Cir. May 25, 2010) (registration of copyright is an element of the claim and suit would have been barred by plaintiff if registration was not complete); *Marketing Tech. Solutions, Inc. v. Medizine LLC*, No. 09 Civ. 8122, 2010 WL 2034404, at *5-6 (S.D.N.Y. May 18, 2010).

*preregistration or registration of the copyright claim has been made* in accordance with this title." 17 U.S.C. § 411(a) (emphasis added).

Accordingly, I find that dismissal of the copyright infringement counterclaim is still appropriate, albeit on this alternative basis. The Motion to Reconsider is thus denied to the extent that it seeks to reinstate this counterclaim.

In conclusion, it is

ORDERED that Defendant FAAC Incorporated's Motion for Reconsideration filed March 31, 2010, is **GRANTED IN PART AND DENIED IN PART**. Specifically, it is

ORDERED that the Motion for Reconsideration is **GRANTED** to the extent the March 20, 2010 Order dismissed the copyright infringement counterclaim on the basis of lack of subject matter jurisdiction and that portion of the March 20, 2010 Order is **VACATED**. The Motion for Reconsideration is **DENIED**, however, to the extent that it seeks reinstatement of that counterclaim. Instead, the copyright infringement counterclaim is now dismissed on the basis that IES failed to satisfy a precondition to suit under § 411(a) as it failed to show registration of the copyright at issue.

Dated: June 15, 2010

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge